## WILLIAM TEAGUE V. THE STATE.

### No. 3589.  Decided May 29, 1907.

**Local Option—Permitting Liquor to be Drank on Premises—Agent—Charge Refused.**

Where upon trial for violating the Act of the Twenty-ninth Legislature, page 91 (Laws 1905), the evidence showed that defendant's clerk permitted whisky to be drank where the same was stored in local option territory during defendant's absence, etc., the court should have charged as requested, that unless the jury believed beyond a reasonable doubt that the defendant had knowledge, actual or constructive, that his clerk gave such permission, to acquit defendant. This was a question of fact for the jury to pass upon.

Appeal from the County Court of McCulloch.  Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law, in permitting liquor in store house to be drank on premises; penalty, a fine of $100 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under the Act of the Twenty-Ninth Legislature, page 91, Laws of 1905, which prohibits a person, firm or association of persons, agent or employees of such persons, engaged in the business of storing intoxicating liquors, in a local option territory, from permitting same to be drunk within the place of business of such person, firm or association of persons, their agents or employees.

The same questions, in part, are raised in this case which were raised in cases Nos. 3588 and 3590, Wm. Teague v. State, this day decided. and for a discussion of the questions we refer to said cases. The case so far as knowledge of the appellant is concerned that Steve Duke, whom it is alleged appellant permitted to drink whisky in his place of business, is in the same condition as the other cases. The direct proof shows that appellant was not present, but his clerk, Babe Huff, permitted Duke to drink the whisky, and the court refused to give appellant's requested special instruction to the effect unless the jury believed beyond a reasonable doubt that appellant had knowledge, actual or constructive, that his clerk Babe Huff permitted Duke to drink the whisky in his place of business, to acquit him. This charge should have been given. Of course, we are not passing on the testimony as to the sufficiency of the evidence to bring home notice to appellant of the acts of his clerks. There is a good deal of proof in the record tending to show that appellant was bound to know of the acts of his clerk in this regard, and that he was accordingly charged with con-

structive notice. What we are holding is that the court should have given a charge in favor of appellant on this point, directing their attention to his defense. On account of this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*